UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID M. AMOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22CV240-PPS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

David Amor has appealed from an administrative law judge's denial of his application for Social Security disability insurance benefits. In doing so, he claims that the ALJ committed three errors which require a reversal of his decision, but I will limit my discussion to two related errors: whether the ALJ erred in analyzing Amor's subjective symptoms and whether the ALJ erred in considering his obesity. Because I find that the ALJ erred in analyzing Amor's subjective symptoms and in considering his obesity, I will REVERSE the ALJ's decision and REMAND on this issue.

### Background

David Amor applied for disability insurance benefits on February 9, 2020, claiming that he was disabled as of November 28, 2019. [A.R.[1] 10.] His claims were denied initially and denied again upon reconsideration. After that, he requested and

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 10. Citations are to the page number in the lower right-hand corner of the A.R.

had a telephonic hearing before an Administrative Law Judge on June 9, 2021. A month later, the ALJ issued his written decision which once again denied Amor benefits. The Social Security Appeals Council later denied Amor's request for review, [A.R. 1], and Amor now seeks review of that decision.

In the written decision, the ALJ determined that Amor has the severe impairments of depression; major joint dysfunction, left foot and right elbow; obesity; and post-traumatic stress disorder (PTSD). [A.R. 12.] The ALJ then determined that Amor did not meet any of the applicable social security listings for disability. Specifically, the ALJ examined listings 1.18 (abnormality of a major joint(s) in any extremity), 12.04 (depressive, bipolar and related disorders), 12.15 (trauma- and stressor-related disorders), and SSR 19-2p (obesity). [A.R. 13.]

At the next step, the ALJ determined Amor's residual functional capacity (RFC). He determined that Amor is capable of performing work at the sedentary level as defined in 20 CFR § 404.1567(a) with some exceptions. He can frequently reach with the dominant right arm. He can occasionally climb ramps and stairs, as well as occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffold, and he can never work at unprotected heights. He can never balance, as that term is defined by the Selected Characteristics of Occupations. He is limited to simple, routine tasks with no assembly line work or strictly enforced daily production quotas, and few changes in a routine work setting. He must use a medically necessary cane while walking. [A.R.

15.] I won't spell out all of the medical evidence; it was adequately addressed in the ALJ's decision. [*See* A.R. 15-18.]

At the hearing the ALJ posed the RFC and some additional hypothetical questions to a vocational expert (VE) who testified whether or not such a hypothetical person with Amor's RFC could likely find gainful employment. The ALJ determined that Amor is unable to perform any past relevant work. [A.R. 18.] However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Amor can perform. [A.R. 29]. As a result, the ALJ found that Amor is not disabled within the meaning of the Social Security Act and its regulations

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. I do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). My review is guided by the principle that while "[t]he

ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).

Amor argues that the ALJ erred in formulating his RFC; erred in evaluating his subjective symptoms; failed to properly accommodate his limitations in concentrating, persisting, and maintaining pace; and failed to properly consider his obesity. [DE 15 at 9-25.] As noted above, I will focus on his claims that the ALJ erred in evaluating his subjective symptoms and in failing to properly consider his obesity.

Amor asserts that the ALJ erred in evaluating his subjective symptoms, particularly his pain and his need for a cane for balance. When evaluating a claimant's subjective symptoms, the correct standard is whether the subjective symptoms are reasonably consistent with the objective medical evidence. 20 C.F.R § 404.1529(c)(3). According to the regulations, "any symptom-related functional limitations and restrictions which you … report, which can reasonably be accepted as consistent with

-4-

the objective medical evidence and other evidence, will be taken into account." 20 C.F.R. § 404.1529(c)(3). Additionally, "[y]our symptoms … will be determined to diminish your capacity for basic work activities to the extent [they] can reasonably be accepted as consistent with the … evidence." 20 C.F.R. § 404.1529(c)(4). This is important to note "[b]ecause symptoms, such as pain, are subjective and difficult to quantify." 20 C.F.R. § 404.1529(c)(3).

When an ALJ dismisses a claimant's subjective symptoms, she must follow up with an explanation. *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013); *Martinez v. Astrue*, 630 F.3d 693, 696 (7th Cir. 2011); *Fanta v. Saul*, 848 F.App'x 655, 659 (7th Cir. 2021) (unpublished) (the ALJ dismissed the claimant's subjective symptoms because they were contrary to statements made to the claimant's doctors). Failing to do so can impact the ALJ's credibility determination. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *see Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005). An "ALJ may not discredit a claimant's testimony about [his] pain and limitations solely because there is no objective medical evidence to support it." *Villano*, 556 F.3d at 562; 20 C.F.R. § 404.1529(c)(2). An ALJ's evaluation of subjective symptoms is vital to the disposition of the case, and the ALJ must explain these conclusions with legally sufficient and specific reasons, supported by substantial evidence. *Villano,* 556 F.3d at 562.

The ALJ found that Amor's subject symptoms are inconsistent with the medical evidence of record. [A.R. 17]. The ALJ specifically noted that although Amor showed some decrease in left lower extremity strength, his range of motion, strength,

ambulation (with the use of a cane), and manipulative abilities appear to be essentially intact. *Id.* Amor asserts that this brief analysis does not satisfy the requirements of 20 C.F.R § 404.1529(c). Amor testified that his right knee and left ankle impairments cause him to fall all the way to the ground "a couple times a month," and that he starts to fall but is able to catch himself at least once a week. [A.R. 52.] He has been offered two more surgeries for his foot and possibly a third on his heel, but there is no guarantee the additional surgeries would offer him relief. [A.R. 52.] He testified that the weather impacts his pain and stiffness, and that some days he can barely move. [A.R. 50-51.] Amor further testified that sitting also exacerbates his left foot pain, and that his right knee pain and swelling is made worse due to overreliance on it due to his left leg impairment. *Id.* Amor also testified that he cannot have the surgery necessary to relieve his right elbow pain because he needs his right arm to use his cane. [A.R. 54.]

    Amor testified that his daily activities are limited due to his pain. He now showers with a shower chair, and he can only cook food like "lunchmeat sandwiches or soup that [he] can throw in the microwave." [A.R. 58.] He also testified that he can reach overhead to grab a box of cereal, but he cannot reach his arm straight out or behind him, and he cannot sustain reaching his arm over his head. [A.R. 59.] At the consultative examination, the examiner reported that Amor had a normal gait with his cane, but he remained unable to perform maneuvers, even with the use of his cane. [A.R. 415.]

The ALJ provided no real analysis of Amor's subjective symptoms, and he failed to properly consider and analyze Amor's testimony, daily activities, and his struggles with balance in the RFC determination. The ALJ's finding that Amor's symptoms are not as severe as alleged due to "essentially intact" range of motion, strength, ambulation (with the use of a cane), and manipulative abilities does not create a logical bridge from the evidence to the ALJ's conclusion. This finding ignores Amor's complaints of struggles with balance, extreme pain in his left foot, right knee, and right elbow, and continued struggles with maneuvers during ambulation, even with the use of a cane. "The ALJ must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ did not do so here, and this error requires remand.

In evaluating subjective symptoms, 20 C.F.R. § 404.1529(c)(3) instructs the ALJ to consider a claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; treatment other than medication received for symptoms; and any measures used to relieve pain or other symptoms. The ALJ provided no discussion of any of these factors in considering Amor's subjective symptoms, and I cannot evaluate whether the ALJ properly considered his subjective symptoms when there is no analysis or discussion.

Similarly, the ALJ erred by failing to provide a meaningful analysis of the combined effects of Amor's obesity and his other impairments. *See Browning v. Colvin*,

766 F.3d 702, 706 (7th Cir. 2014); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) ("the ALJ needed to consider the *aggregate* effect of this entire constellation of ailments – including those impairments that in isolation are not severe" (emphasis in original)). The ALJ found Amor's obesity to be a severe impairment, but the ALJ did no more than briefly mention his obesity in the RFC analysis. Here's all he said on the subject: "[a]dditional postural and environmental limitations are given to accommodate pain and decreased mobility as a result of the claimant's physical impairments, including obesity." [A.R. 22.]

Social Security Ruling 19-2p, 2019 SSR LEXIS 2 provides that an ALJ "must consider the limiting effects of obesity when assessing a person's RFC," and "will explain how he reached his conclusion on whether obesity causes any limitations." SSR 19-2p, 2019 SSR LEXIS 2, 2019 WL 2374244, at *4 (May 20, 2019); *see also Gentle v. Barnhart*, 430 F..3d 865, 868 (7th Cir. 2005) (denial of disability benefits reversed when the ALJ did not adequately consider claimant's obesity which frequently "aggravates a disability caused by something else[.]"); *Hernandez v. Astrue*, 277 F3d. Appx. 617, 623-24 (7th Cir. 2008) (an ALJ must "consider the exacerbating effects of a claimant's obesity on his underlying conditions … when arriving at a claimant's RFC.").

The ALJ found Amor's obesity to be severe, which means that he found it significantly limits Amor's ability to perform basic work activities, including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). A singular statement that the ALJ considered a

claimant's obesity in the RFC determination is not enough to create the requisite logical bridge to the ALJ's conclusion. *See Visinaiz v. Berryhill*, 243 F.Supp.3d 1008, 1013 (remanding); *see also Parker v. Colvin*, 2016 U.S. Dist. LEXIS 111863, at *4 (N.D. Ind. Aug. 22, 2016).

Although "this type of error may be harmless when the RFC is based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments," *Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013), there is no evidence in this case that Amor's physicians or the state agency consultants the ALJ relied on or considered Amor's obesity in their assessments or in combination with his other impairments. [A.R. 79-94; 414-16.] Amor's primary complaint is severe pain in his left foot, right knee, and right elbow. The ALJ failed to consider how his obesity impacts his complaints of pain, which effects his analysis (or in this case, lack thereof) of Amor's subjective symptoms.

## Conclusion

The ALJ erred by failing to properly consider Amor's subjective symptoms and by failing to properly consider the impact of his obesity on his subjective symptoms. On remand, the ALJ should properly analyze all the evidence in the decision and support his analysis with evidence in the record. Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Amor. He can raise those issues directly with the ALJ on remand.

**ACCORDINGLY:**

The decision of the ALJ denying Amor's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED on February 10, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT